

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : Case No: 2:04-cr- 95 -FtM-29 33SPC |
| | : 18 U.S.C. § 1343 |
| v. | : 18 U.S.C. § 1341 |
| | : 18 U.S.C. § 1957 |
| TIM RAY SACORA, | : 18 U.S.C. § 2 |

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

#### A. Introduction

That at all times material to the charges herein:

1. Defendant TIM RAY SACORA was the founder, owner, and President of Florida Secured Funding Corp. (FSF), a Florida corporation incorporated in July, 1996.

2. Senior Marketing Consultants (SMC) of Fort Myers, Florida, was represented by TIM RAY SACORA as being the exclusive representative for FSF.

3. FSF maintained a bank account, # 2090001759339, at First Union National Bank in Fort Lauderdale, Florida. TIM RAY SACORA had sole signatory and check writing authority over this bank account.

4. Gibraltar Bank of Commerce (GBCT) was the name of a bank trust account maintained and controlled by TIM RAY SACORA at the Banco Solidario de Costa Rica. TIM RAY SACORA had sole signatory authority over this account.

5. Banco Solidario de Costa Rica was located in San José, Costa Rica. TIM RAY SACORA was the majority stockholder of Banco Solidario de Costa Rica.



### B. The Scheme to Defraud

6. From a time unknown but at least by January 1997, through in or about March 2002, in Lee County, in the Middle District of Florida, and elsewhere,

TIM RAY SACORA,

defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud investors (herein referred to as "victim-investors") and to obtain over seven million dollars from the victim-investors by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme

7. It was part of the scheme to defraud and to obtain money that, through FSF, the defendant would and did promote an investment opportunity in medical receivables where FSF was to purchase medical receivables at a discount from Florida doctors and insurance companies.

8. It was further part of the scheme to defraud and to obtain money that, through SMC and insurance brokers in the Fort Myers and Tampa, Florida, areas, the defendant would and did solicit persons to entrust their investment monies to defendant for investment in the medical receivables.

9. It was further part of the scheme to defraud and to obtain money that the defendant would and did make materially false and fraudulent representations, and promises to victim-investors, prospective and current, by, among other things,

    (a)    soliciting investments by means of offering documents and a brochure about his investment fund that falsely and fraudulently represented to victim-investors that FSF purchased qualified

     insurance receivables from selected physicians and medical clinics in Florida at a discount and paid the physician in advance of collection.

  (b) representing that the insurance receivables were then assigned to the Florida Secured Fund which collected these accounts from major insurance companies, charging the full medical benefits originally billed by the doctor or clinic.

  (c) guaranteeing to victim-investors a 9.75 to 12 percent return on their investments in the medical receivables.

  (d) representing in the investment brochure that every dollar of an investor's money would work for the investor, "24 hours a day, seven days a week, 52 weeks per year," and that the Florida Secured Fund had a "financial strength provided by a $100 million corporation."

10. It was further part of the scheme to defraud and to obtain money that the defendant would and did fail to invest funds of victim-investors in medical receivables as he had previously represented and promised to victim-investors.

11. It was further part of the scheme to defraud and to obtain money that the defendant would and did cause victim-investors to receive from Florida Secured Funding a welcome letter, a promissory note, and a certificate of deposit.

12. It was further part of the scheme to defraud and to obtain money that the defendant would and did engage in acts to lull victim-investors by, among other things,

  (a) causing fabricated monthly account statements to be generated

and mailed to victim-investors which falsely represented that victim-investors were earning money on their investments in the Florida Secured Fund;

(b) making payments to some victim-investors with monies provided by other victim-investors in order to create the illusion that the Florida Secured Fund was profitable and that victim-investors could withdraw monies;

(c) causing letters to be sent to victim-investors which represented to victim-investors that all FSF assets and receivables including victim-investor certificates of deposit were acquired by Gibraltar Bank of Commerce, Inc. with offices in Costa Rica, when in fact, no Gibraltar Bank of Commerce branch existed in Costa Rica, and merely represented a bank account held at Banco Solidario de Costa Rica, titled Gibraltar Bank of Commerce Trust, in which only the defendant had signatory authority.

(d) causing letters to be sent to victim-investors which falsely represented that victim-investors funds were secure at the Banco Solidario de Costa Rica, but that the funds were not being released until the bank's assets were unfrozen by banking authorities.

13. It was further part of the scheme to defraud and to obtain money that the defendant would and did promote an investment opportunity in high yield certificates of deposit through the Gibraltar Bank of Commerce (GBC).

14. It was further part of the scheme to defraud and to obtain money that the

defendant would and did make materially false and fraudulent representations, and promises to victim-investors, prospective and current, by, among other things,

    (a)    promising that victim-investors' money would be used to purchase certificates of deposit at GBC;

    (b)    representing that victim-investors' money would be safe in GBC certificates of deposit;

    (c)    representing that victim-investors would earn higher yields in their certificates of deposit the greater the funds they invested; and

    (d)    representing that Gibraltar Bank of Commerce was a bank with offices in Costa Rica, when in fact, it was the name of a bank trust account at the Banco Solidario de Costa Rica.

15. It was further part of the scheme to defraud and to obtain money that the defendant would and did conceal from victim-investors and potential investors that he had used victim-investors' monies to make substantial investments and expenditures in personal business ventures and for personal expenses.

16. It was further part of the scheme to defraud and to obtain money that the defendant would and did convert victim-investors' monies for his own business purposes, including Air Inn, Inc., for the development and construction of a hotel and airstrip in Ohio, a cigar factory located in the Dominican Republic, Skanning Investments and Atlantic Aircraft Sales, aircraft sales and support businesses operated by the defendant, Wealth Builder, Inc., a Nevada corporation owned by the defendant, and attendance at a seminar in Fiji.

17. It was further part of the scheme to defraud and to obtain money that the

defendant would and did convert victim-investors' monies for his own personal expenses, including a residential lease on a luxurious waterfront home in Fort Lauderdale, Florida, a down-payment on a luxury high-rise condominium in Hollywood, Florida, the purchase and shipping of home goods and remodeling on a home in Costa Rica, home spa and accessories, jewelry, voluntary payments to his former wife and adult daughter, a down-payment on a home in Oregon and furnishings for that home, the purchase of luxury automobiles, and the rent on an apartment in Deerfield Beach, Florida.

### D. The Wire

18. On or about October 12, 1999, in Collier County, in the Middle District of Florida, and elsewhere,

### TIM RAY SACORA,

defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce from St. Petersburg, Florida, through Atlanta, Georgia, and Jacksonville, Florida, to Fort Lauderdale, Florida, certain writings, signs, signals, and sounds, namely, a wire transfer of approximately $288,000.00 from an account of Patricia Quaranta at Southtrust Bank of West Florida, to an account of Florida Secured Funding Corporation at First Union National Bank.

In violation of Title 18, United States Code, Section 1343 and Section 2.

### COUNT TWO

1. The Grand Jury realleges and incorporates by reference paragraphs one through seventeen of Count One of this Indictment as though fully set forth herein.

2. On or about November 23, 1999, in Duval County, in the Middle District of Florida, and elsewhere,

TIM RAY SACORA,

defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce from Fort Pierce, Florida, through Atlanta, Georgia, and Jacksonville, Florida, to Fort Lauderdale, Florida, certain writings, signs, signals, and sounds, namely, a wire transfer of approximately $200,000.00 from an account of Lee Frieson at Harbour Federal Savings and Loan Assn., to an account of Florida Secured Funding Corp at First Union National Bank.

In violation of Title 18, United States Code, Section 1343 and Section 2.

### COUNT THREE

1. The Grand Jury realleges and incorporates by reference paragraphs one through seventeen of Count One of this Indictment as though fully set forth herein.

2. On or about January 20, 2000, in Duval County, in the Middle District of Florida, and elsewhere,

TIM RAY SACORA,

defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce from Fort Lauderdale, Florida, through Atlanta, Georgia, and Jacksonville, Florida, to Belize, Central America, certain writings, signs, signals, and sounds, namely, a wire transfer of approximately $3,588.85 from an account of Florida Secured Funding Corporation at First Union National Bank to an

account of Lee Frieson at Atlantic Bank Ltd.

In violation of Title 18, United States Code, Section 1343 and Section 2.

## COUNT FOUR

1. The Grand Jury realleges and incorporates by reference paragraphs one through seventeen of Count One of this Indictment as though fully set forth herein.

2. On or about February 4, 2000, in Duval County, in the Middle District of Florida, and elsewhere,

**TIM RAY SACORA,**

defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce from Fort Lauderdale, Florida, through Atlanta, Georgia, and Jacksonville, Florida, to Belize, Central America, certain writings, signs, signals, and sounds, namely, a wire transfer of approximately $2,833.00 from an account of Florida Secured Funding Corporation at First Union National Bank to an account of Lee Frieson at Atlantic Bank, Ltd.

In violation of Title 18, United States Code, Section 1343 and Section 2.

## COUNT FIVE

1. The Grand Jury realleges and incorporates by reference paragraphs one through seventeen of Count One of this Indictment as though fully set forth herein.

2. On or about October 29, 1999, in Lee County, in the Middle District of Florida, and elsewhere,

**TIM RAY SACORA,**

defendant herein, for the purpose of executing the aforesaid scheme and artifice to

defraud, and attempting to do so, did knowingly cause to be delivered by mail by the United States Postal Service, according to the direction thereon, an envelope containing an FSF certificate of deposit and other documents relating to FSF from F. Devito addressed to:

>Rochelle Evans
>P.O. Box 07285
>Fort Myers, FL  33919

In violation of Title 18, United States Code, Section 1341 and Section 2.

## COUNT SIX

1. The Grand Jury realleges and incorporates by reference paragraphs one through seventeen of Count One of this Indictment as though fully set forth herein.

2. On or about May 9, 2000, in Lee County, in the Middle District of Florida, and elsewhere,

>TIM RAY SACORA,

defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly cause to be delivered by mail by the United States Postal Service, according to the direction thereon, an envelope containing a notice to investors from Tim Sacora announcing that GBC was no longer able to offer certificates of deposit to citizens of the United States and directing that photocopies of certificates of deposit with notations be returned to SMC for a full refund, addressed to:

>Mr. Frank DeVito
>7635 Winged Foot Drive
>Fort Myers, Florida  33912.

In violation of Title 18, United States Code, Section 1341 and Section 2.

## COUNT SEVEN

1. The Grand Jury realleges and incorporates by reference paragraphs one through seventeen of Count One of this Indictment as though fully set forth herein.

2. On or about March 9, 2002, in Lee County, in the Middle District of Florida, and elsewhere,

**TIM RAY SACORA,**

defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly cause to be delivered by mail by the United States Postal Service, according to the direction thereon, an envelope containing a letter from Tim Sacora providing an update on the status of investor funds addressed to:

> Ms. Carol M. Doherty
> 5885 Trailwinds Drive #724
> Fort Myers, Florida 33907

In violation of Title 18, United States Code, Section 1341 and Section 2.

## COUNT EIGHT

On or about October 12, 1999, in Lee County, in the Middle District of Florida, and elsewhere,

**TIM RAY SACORA,**

defendant herein, did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution affecting interstate commerce in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, that is, Mail Fraud, in violation of Title 18, United States Code, Section 1341, and Wire Fraud, in violation of Title 18, United States Code,

Section 1343, in that the defendant caused the withdrawal and transfer of funds in the amount of $37,910.98 from account # 2090001759339 in the name of Florida Secured Funding Corporation at First Union National Bank in Fort Lauderdale, Florida, by a funds transfer into account # 0009983992922 in the name of Senior Marketing Consultants at First Union National Bank in Fort Myers, Florida.

In violation of Title 18, United States Code, Section 1957 and Section 2.

## COUNT NINE

On or about October 13, 1999, in Lee County, in the Middle District of Florida, and elsewhere,

### TIM RAY SACORA,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution affecting interstate commerce in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, that is, Mail Fraud, in violation of Title18, United States Code, Section 1341, and Wire Fraud, in violation of Title18, United States Code, Section 1343, in that the defendant caused the withdrawal and transfer of funds in the amount of $27,441.44 from account # 2090001759339 in the name of Florida Secured Funding Corporation at First Union National Bank in Fort Lauderdale, Florida, by a funds transfer into account # 0009983992922 in the name of Senior Marketing Consultants at First Union National Bank in Fort Myers, Florida.

In violation of Title 18, United States Code, Section 1957 and Section 2.

## COUNT TEN

On or about October 13, 1999, in Lee County, in the Middle District of Florida,

and elsewhere,

## TIM RAY SACORA,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution affecting interstate commerce in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, that is, Mail Fraud, in violation of Title18, United States Code, Section 1341, and Wire Fraud, in violation of Title18, United States Code, Section 1343, in that the defendant caused the withdrawal and transfer of funds in the amount of $38,511.28 from account # 2090001759339 in the name of Florida Secured Funding Corporation at First Union National Bank in Fort Lauderdale, Florida, by a funds transfer into account # 0009983992922 in the name of Senior Marketing Consultants at First Union National Bank in Fort Myers, Florida.

In violation of Title 18, United States Code, Section 1957 and Section 2.

## COUNT ELEVEN

On or about October 14, 1999, in Lee County, in the Middle District of Florida, and elsewhere,

## TIM RAY SACORA,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution affecting interstate commerce in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, that is, Mail Fraud, in violation of Title18, United States Code, Section 1341, and Wire Fraud, in violation of Title18, United States Code, Section 1343, in that the defendant caused the withdrawal and transfer of funds in the

amount of $35,664.01 from account # 2090001759339 in the name of Florida Secured Funding Corporation at First Union National Bank in Fort Lauderdale, Florida, by a funds transfer into account # 0009983992922 in the name of Senior Marketing Consultants at First Union National Bank in Fort Myers, Florida.

In violation of Title 18, United States Code, Section 1957 and Section 2.

### COUNT TWELVE

On or about October 15, 1999, in Duval County, in the Middle District of Florida, and elsewhere,

### TIM RAY SACORA,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution affecting interstate commerce in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, that is, Mail Fraud, in violation of Title18, United States Code, Section 1341, and Wire Fraud, in violation of Title18, United States Code, Section 1343, in that the defendant caused a wire transfer of $50,000.00 from account # 2090001759339 in the name of Florida Secured Funding Corporation at First Union National Bank in Fort Lauderdale, Florida, through Jacksonville, Florida, to an account of Jackson B. Wolff at Washington Mutual Bank, Boca Raton, Florida.

In violation of Title 18, United States Code, Section 1957 and Section 2.

### COUNT THIRTEEN

On or about October 28, 1999, in Lee County, in the Middle District of Florida, and elsewhere,

### TIM RAY SACORA,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution affecting interstate commerce in criminally derived property of a value greater than $10,000, which property was derived from a specified unlawful activity, that is, Mail Fraud, in violation of Title18, United States Code, Section 1341, and Wire Fraud, in violation of Title18, United States Code, Section 1343, in that the defendant caused the withdrawal and transfer of funds in the amount of $35,000.00 from account # 2090001759339 in the name of Florida Secured Funding Corporation at First Union National Bank in Fort Lauderdale, Florida, by a funds transfer into account # 0009983992922 in the name of Senior Marketing Consultants at First Union National Bank in Fort Myers, Florida.

In violation of Title 18, United States Code, Section 1957 and Section 2.

## FORFEITURES

1. Counts Eight through Thirteen are hereby realleged and incorporated herein by reference for the purpose of enforcing the forfeiture requirements of Title 18, United States Code, Section 982.

2. Upon conviction of the aforementioned counts, the defendant shall forfeit to the United States of America all right, title and interest the defendant has, whether legal, equitable or beneficial, in any property, real or personal, tangible or intangible, wherever located and in whatever names held, constituting, or derived from, proceeds the person obtained directly or indirectly, pursuant to and as the result of violation of Title 18, United States Code, Section 1957 and any property traceable to such property pursuant to Title 18, United States Code, Section 982(a)(1).

3. If any of the property described as being subject to forfeiture pursuant to Title

18, United States Code, Section 982(a)(1), as a result of any act or omission occasioned by any defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred to, sold to, or deposited with a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value, or

    (e)    has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1)(A), to seek forfeiture of any other property of the defendant up to the value of the property identified above as being subject to forfeiture.

                              A TRUE BILL.

                              _____
                              FOREPERSON

Date: 10/7/04

PAUL I. PEREZ
UNITED STATES ATTORNEY

By: _____
     JEFFREY F. MICHELLAND
     Assistant United States Attorney
     Senior Litigation Counsel
     Trial Counsel

By: _____
     ROBERT P. BARCLIFT
     Assistant United States Attorney

By: _____
     DOUGLAS MOLLOY
     Assistant United States Attorney
     Chief, Fort Myers Division

FORM OBD-34
APR 1991

# UNITED STATES DISTRICT COURT

Middle District of Florida
Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

TIM RAY SACORA

## INDICTMENT

Violations:

Title 18, United States Code, Section 1343,
Title 18, United States Code, Section 1341,
Title 18, United States Code, Section 1957, and
Title 18, United States Code, Section 2.

A true bill,

_____ Foreperson

Filed in open court this 7th day

of October, A.D. 2004.

_____ Clerk

Bail $ _____

GPO 863 525